■ In the Matter of 136 TAVERN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination of the State Liquor Authority, dated November 14, 1975, finding petitioner in violation of subdivision 5 of section 106 of the Alcoholic Beverage Control Law, reversed, on the law, and the determination annulled and the petition granted, without costs and without disbursements. The operative facts are undisputed. Officer Carlantone entered petitioner's premises on December 6, 1974 at 4:37 A.M. He observed six patrons sitting at the bar and two small children playing nearby. The jukebox was playing. Two patrons were observed lifting glasses. One such glass was seized by the officer and a later laboratory analysis revealed it to contain alcohol. The officer testified that he did not see any sale of alcoholic beverages, nor did he see anyone consume an alcoholic beverage. A summons was issued to the bartender for permitting consumption of alcohol after hours. Subdivision 5 of section 106 of the Alcoholic Beverage Control Law prohibits the sale of alcoholic beverages at retail for on-premises consumption in the City of New York between 4:00 A.M. and 8:00 A.M. The statute then states: "Nor shall any person *be permitted to consume* any alcoholic beverages upon any such premises later than one-half hour after the start of the prohibited hours of sale provided for in this section" (emphasis added). In New York City, therefore, *consumption* of alcoholic beverages would be permitted until 4:30 A.M. In the case at bar, the statute was allegedly violated at 4:37 A.M., seven minutes after consumption was prohibited. No one, however, was seen consuming alcohol and the premises may very well have been in the process of being closed. Lacking in this case, therefore, is substantial evidence that petitioner *permitted consumption* later than one-half hour after the start of the prohibited hours of sale, and the determination of the respondent must therefore be annulled. Concur—Murphy, Lupiano and Lane, JJ.; Kupferman, J. P., dissents in part in a memorandum, and Silverman, J., dissents in a memorandum, as follows: Silverman, J. (dissenting). There was evidence, accepted by both the hearing officer and the majority of the commissioners of the New York State Liquor Authority, that a little after 4:37 A.M. on the date in question, the complaining police officer observed the bartender behind the bar in the premises with about six patrons seated at the bar; that there were quite a few glasses on the bar; several patrons had drinks in front of them; that he observed two patrons, one of whom was a female, lifting glasses and that the female had lifted the glass within six inches of her mouth when the police officer approached her and told her to place the glass on the bar. There was further evidence that the glass contained alcohol. From this evidence, the majority of the commissioners could reasonably draw the inference of fact that the licensee was permitting consumption of alcoholic beverages at that time, which was more than one-half hour after the start of prohibited hours of sale of alcoholic beverages. There was thus substantial evidence to support respondent's finding to that effect. The authority's order based on that finding should therefore be confirmed. Kupferman, J. P. (dissenting in part). In an amalgamation of the majority decision and the dissent one can engage in a semantic discussion of whether holding a glass containing alcohol in a setting which implies a purpose of imbibing is the same as actual consumption. Obviously, there was substantial evidence to support the respondent's inference to that effect. However, when one contemplates the question of the rationality of prohibiting the consumption of alcohol at 4:37 A.M., but permitting it at 4:29 A.M., it is also obvious that the dissenting commissioners in this three to two decision by the New York State Liquor Authority were correct when "voting to dismiss with a Letter of Warning".